1
2
3
4
5
6
7  **UNITED STATES DISTRICT COURT**
8  **FOR THE WESTERN DISTRICT OF WASHINGTON**
9
10 ALEX STINE,                               Case No.
11          Plaintiff,                      **COMPLAINT FOR DAMAGES**
12      v.
13 AMAZON WEB SERVICES, INC.,                **JURY TRIAL DEMANDED**
14          Defendant(s).

COMPLAINT FOR DAMAGES
003338-11/2866794 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

## I. INTRODUCTION

1. Every qualified job applicant deserves a chance to compete for a job regardless of disability.

2. Washington's Law Against Discrimination ("WLAD") protects job applicants with disabilities from discrimination during the hiring process. The WLAD attempts to level the playing field for applicants with disabilities by requiring prospective employers to work with these applicants to determine what accommodations are reasonable and available. Unfortunately, Defendant Amazon Web Services, Inc. ("AWS") failed to meet WLAD's mandate in this case.

3. Plaintiff Alex Stine ("Mr. Stine" or "Plaintiff") is a blind man who applied for employment as a software engineer with AWS. When he asked his AWS recruiter for accommodations to take a coding test administered as part of the hiring process, the AWS recruiter simply stopped responding to Mr. Stine's emails.

4. WLAD prohibits such blatant discriminatory acts. Plaintiff brings this lawsuit under Washington's Law Against Discrimination.

## II. FACTUAL BACKGROUND

5. In February 2022, a recruiter from Amazon Web Services contacted Plaintiff and told him he was a good candidate for an open software engineering position with AWS. Plaintiff responded that he was interested in applying.

6. The AWS recruiter told Plaintiff that he would need to complete an online coding test to be considered for the position. AWS administers a coding test to job applicants who apply for open software engineering positions. This test is an initial screening step that any AWS applicant to software engineering positions must pass. The coding test is a timed online programming test that can last up to five hours. Applicants must read their screens and type in programming language designed to solve complex coding and systems design problems.

7. AWS's coding test requirements and procedure are practices and policies originating in AWS's Washington headquarters.

COMPLAINT FOR DAMAGES - 1
003338-11/2866794 V1



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

8. On or about February 10, 2022, Plaintiff told AWS Senior Technical Recruiter that he was blind and would require an accommodation to complete a coding test administered by AWS as part of the hiring process

9. Amazon's Senior Technical Recruiter told Plaintiff that he did not know what accommodations were available.

10. AWS had an affirmative obligation to train its recruiters regarding what steps to take when an applicant requests an accommodation. AWS human resources personnel who failed to promulgate such policies and to provide such training are located in AWS's Washington headquarters.

11. Plaintiff attempted to follow up with the AWS recruiter regarding potential accommodations. On or about February 28, 2022, the recruiter stopped responding. AWS failed to offer Plaintiff any accommodation to permit him to complete the coding test despite his disability.

### III.   JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Venue is proper in the Western District of Washington pursuant to 29 U.S.C. § 1391(b)(1) and 38 U.S.C. § 4323(c)(2) as Amazon Web Services ("AWS") resides in Seattle, Washington.

### IV.   PARTIES

14. Defendant Amazon Web Services, Inc. ("AWS") is a Delaware Corporation. AWS is headquartered in Seattle, WA. At all times relevant to the allegations made herein, AWS has more than 50 employees.

15. Plaintiff Alex Stine is an adult resident of Plano, Texas.

## V. ADMINISTRATIVE PREREQUISITES

16. Plaintiff has filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on November 30, 2022 alleging violations of the Americans with Disabilities Act of 1990, as amended ("ADA").

17. Upon the EEOC's completion of its investigation into Plaintiff's charge of discrimination and/or its issuance of a Notice of Right to Sue, Plaintiff will seek leave to amend this Complaint to add ADA claims against AWS.

## VI. CLAIM FOR DAMAGES

### COUNT I
### Washington Law Against Discrimination
### (RCW 49.60, *et. seq.*)

18. Plaintiff re-alleges all preceding paragraphs of the complaint and incorporates them by reference.

19. At all times relevant to the allegations made herein, AWS had been an employer as that term is defined in RCW 49.60, *et. seq.*

20. At all times relevant to the allegations made herein, Plaintiff enjoyed the protections provided by RCW 49.60, *et. seq.*, including RCW 49.60.180.

21. At all times relevant to the allegations made herein, Plaintiff had the skills, experience, education, and other job-related requirements necessary for the position.

22. The Washington Law Against Discrimination mandated at all relevant times that AWS provide a reasonable accommodation to Plaintiff during the hiring process. Reasonable accommodation is defined under Washington law as a flexible, interactive process that envisions an exchange between employer and employee where each seeks and shares information. The interactive process places an affirmative obligation on the prospective employer to seek and share information to determine what accommodations are available and reasonable under the circumstances.

23. AWS had an affirmative duty to engage in the interactive process with Plaintiff to determine whether a reasonable accommodation could be made for Plaintiff to take the coding



test. Instead of engaging in an interactive process, AWS's recruiter simply stopped responding to Plaintiff after he disclosed his disability and requested accommodation.

24. At all times relevant to the allegations made herein, Plaintiff was able perform the essential functions of the job with a reasonable accommodation. Amazon successfully employed at least one blind software engineer since 2013. That individual was permitted to demonstrate his coding abilities to Amazon recruiters at an in-person interview.[1]

25. To the extent that reasonable accommodations are unavailable to sight-impaired applicants on the AWS coding test, AWS's requirement that applicants perform to a certain standard on that test to be considered for an open position is a facially neutral policy or practice that falls more harshly on job applicants with sight impairment. This requirement eliminates 100% of sight-impaired people from consideration for a software engineering position at AWS because sight-impaired applicants cannot complete that test without accommodations. This practice therefore has a disparate impact on the ability of sight-impaired job applicants to compete for open software engineering positions at AWS.

26. As a direct and proximate result of Defendant's misconduct, Plaintiff sustained injuries and damages, both past and future, for pain and suffering, emotional distress, anxiety, adverse physical and/or debilitating symptoms and conditions, loss of enjoyment of quality of life, loss of earnings, diminished earning capacity, and other damages in an amount to be proven at trial.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Order Defendants to make Plaintiff whole by providing appropriate back pay and front pay, lost wages, bonuses, benefits, and medical expenses, with prejudgment interest, in amounts to be determined at trial;

---

[1] Neal Karlinsky, Blind since birth, writing code at Amazon since 2013, *available at*, https://www.aboutamazon.com/news/workplace/blind-since-birth-writing-code-at-amazon-since-2013 (last accessed November 13, 2024).

B.  Order Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful, discriminatory and retaliatory practices described in the above paragraphs, including out-of-pocket expenses, in amounts to be determined at trial;

C.  Order Defendants to make Plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the above paragraphs, including emotional pain, suffering, humiliation, anxiety, distress, and loss of enjoyment of life, in amount to be determined at trial;

D.  Order Defendants to pay Plaintiff for any and all tax consequences associated with the damages and cost award;

E.  Award Plaintiff statutory and reasonable attorneys' fees, expert fees, and all other costs or expenses incurred in this action under applicable statutes, in amounts to be established and to the fullest allowed by law;

F.  Award prejudgment and post judgment interest to the fullest extent allowed by law; and

G.  Grant any addition or further relief as the Court deems just and equitable, including injunctive relief prohibiting further discrimination and retaliation against Plaintiff.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for all claims so triable.

DATED: January 27, 2025                Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By  /s/ *Jessica Thompson*
Jessica Thompson (WSBA No. 48827)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: Jessicat@hbsslaw.com

*Attorney for Plaintiff*