THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEX STINE,

    Plaintiff,

v.

AMAZON WEB SERVICES, INC.,

    Defendant.

Case No. 2:25-cv-00174-JHC

**JOINT STATUS REPORT AND DISCOVERY PLAN**

The Parties respectfully submit this Joint Status Report and Discovery Plan in accordance with the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement. *See* Dkt. # 11. The Parties conducted their Rule 26(f) conference by video conference on March 19, 2025.

**1. Nature and Complexity of the Case**

**Plaintiff's Statement:** Plaintiff is a blind man who required accommodations from Amazon AWS to perform a coding assessment as part of Amazon AWS's hiring process. When Plaintiff requested accommodation, Amazon's recruiter stopped communicating with Plaintiff. Amazon AWS did not engage in the interactive process required by law, and no accommodation was ever offered.

JOINT STATUS REPORT - 1
(Case No. 2:25-cv-00174-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**Defendant's Statement**: This is a relatively straightforward case arising out of Plaintiff Alex Stine's expression of interest in a Software Development Engineer role at Defendant Amazon Web Services, Inc. ("AWS" or "Amazon"). In or about October 2021, a Senior Technical Recruiter at AWS reviewed Plaintiff's resume, which was on file with AWS based on Plaintiff's prior applications for positions with Amazon in December 2019, and reached out Plaintiff via LinkedIn about a Software Development Engineer position based in Denver, Colorado. Plaintiff responded that he was not actively looking for a position at the time.

In early February 2022, Plaintiff reached out to the Senior Technical Recruiter to learn more about the position. Via email on February 10, 2022, the Senior Technical Recruiter provided to Plaintiff preparation materials for an online skills assessment, also known as a coding test, which was a two-hour test administered by a third party, HackerRank, that he would need to complete as part of his application. Plaintiff responded later that day, stating the assessment process looked scary, but he wanted to give it his best shot. He further stated he was worried about the coding test, as he was a blind developer, which made most online coding platforms inaccessible. He stated he did most of his coding through VS Code/Notepadd++ locally, but it did not look like that would be an option for the assessment because the assessment instructions prohibited copying and pasting.

The Senior Technical Recruiter replied that he would review possible accommodations for Plaintiff. On February 28, 2022, the Senior Technical Recruiter informed Plaintiff that he was still looking into what accommodations were available for the assessment. The Senior Technical Recruiter researched the accommodations available through the third-party administrator of the assessment and found its accessibility information, which included a section on Assistive Technology. That section explained: "The entire website is compatible with a screen reader. All the alerts and notifications are also accessible to the screen reader. This makes it easier for candidates using screen readers to take the test with no difficulty." It also contained a section on Responsiveness, which stated "People with low vision often read content on a desktop computer

JOINT STATUS REPORT - 2
(Case No. 2:25-cv-00174-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

by scaling content using the browser zoom functionality. . . . We have ensured that content is presented without losing information or functionality even when zoomed to 400%."

Despite the availability of the third-party's Assistive Technology, Plaintiff never attempted or completed the required assessment. AWS therefore did not move forward with Plaintiff for the Software Development Engineer role. Plaintiff cannot show AWS failed to reasonably accommodate him and cannot now blame Amazon for his failure to complete the required assessment. He therefore cannot make out a prima facie claim of discrimination. Even if he could, Amazon had a legitimate, nondiscriminatory reason for not hiring Plaintiff based on his failure to successfully complete the required assessment, notwithstanding the availability of Assistive Technology tools to enable blind and low vision applicants to complete the assessment. There is no evidence this reason was pretextual.

**2. Proposed Deadline for Joining Additional Parties.**

The Parties propose July 7, 2025 as the deadline for joining additional parties.

**3. Consent to Magistrate Judge.**

The Parties do not consent to a magistrate judge at this time.

**4. Discovery Plan on All Items in Fed. R. Civ. P. 26(f)(3)**

**A. Initial Disclosures.**

The Parties served initial disclosures on March 31, 2025.

**B. Subjects, timing and potential phasing of discovery.**

**Plaintiff's Statement:**  Plaintiff anticipates conducting discovery on topics including, but not limited to: Defendant's policies and procedures regarding disability accommodations; Defendant's training of its recruiting staff regarding the policies and procedures for communicating disability accommodations to applicants; the availability of reasonable accommodations for sight impaired applicants; the compensation and benefits offered to Software Development Engineers; and Defendant's internal and external communications regarding Plaintiff's application for employment.

JOINT STATUS REPORT - 3
(Case No. 2:25-cv-00174-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  **Defendant's Statement:** Defendant anticipates conducting discovery on subjects regarding Plaintiff's claims and Defendant's defenses, including without limitation: Plaintiff's interest in employment with Defendant as a Software Development Engineer, including the associated online skills assessment; Plaintiff's qualifications for the Software Development Engineer role; Defendant's applicable employment policies and procedures; Plaintiff's medical files with their healthcare providers; and Plaintiff's purported damages and any efforts made to mitigate those damages.

The Parties do not presently anticipate the need for phasing of discovery.

### C. Electronically Stored Information ("ESI").

The Parties do not currently anticipate any special issues relating to electronically stored information. To the extent ESI discovery is sought by either Parties, the Parties anticipate filing and requesting the Court enter an ESI Protocol based on the Western District of Washington's Model Agreement re: Discovery of ESI.

### D. Privilege Issues.

At this time, the Parties do not foresee any privilege issues; however, the Parties intend to submit to the Court for its review and approval a proposed Protective Order based on the Western District of Washington's Model Stipulated Protective Order governing the production and handling of privileged, confidential, proprietary, and otherwise sensitive discovery materials in this matter. The proposed Protective Order will also provide a procedure, consistent with Fed. R. Evid. 502(b), for clawing back inadvertently disclosed privileged documents.

### E. Proposed Limitations on Discovery.

The Parties do not presently anticipate that there will be any needed changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules.

JOINT STATUS REPORT - 4
(Case No. 2:25-cv-00174-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**F. The Need for Discovery Related Orders.**

The Parties do not presently anticipate that there will be a need for discovery related orders other than the Protective Order noted above.

**5. The Parties' views, proposals, and agreements on all items set forth in Local Civil Rules 26(f)(1).**

(A) prompt case resolution.

The Parties are open to early mediation or an early settlement conference.

(B) alternative dispute resolution

The Parties are open to early mediation or an early settlement conference.

(C) related cases.

None.

(D) discovery management.

The Parties agree to accept service of discovery requests, notices, disclosures, motions, pleadings and any documents responsive to any of the foregoing via e-mail sent to all counsel of record with all legal assistants or other staff designated by counsel copied. The Parties expect to enter into agreements regarding ESI, if any, and a Protective Order governing the use of information provided in discovery that is legitimately and properly designated for confidential treatment pursuant to applicable law.

(E) anticipated discovery sought.

The Parties anticipate seeking discovery on the subjects discussed in Section 4(B) above.

(F) phasing motions.

The Parties do not anticipate the need to phase motions at this time.

(G) preservation of discoverable information.

The Parties are aware of their obligations to preserve discoverable information, consistent with the Federal Rules of Civil Procedure.

JOINT STATUS REPORT - 5
(Case No. 2:25-cv-00174-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

(H) privilege issues.

The Parties are unaware of any particular privilege issues impacting discovery.

(I) Model Protocol for Discovery of ESI.

The Parties do not anticipate that this case will require ESI, and but they may later desire to enter into an agreement regarding the discovery of ESI by using the Model ESI Agreement as a starting point for discussion as to the terms for such an agreement, and further negotiate any agreed upon modifications thereto if applicable.

(J) alternatives to Model Protocol.

The Parties may desire to use the Model ESI Agreement as a starting point for discussion as to the terms for an agreement regarding the discovery of ESI.

**6. The date by which discovery can be completed.**

The Parties believe fact discovery can be completed by November 7, 2025, and expert discovery can be completed by March 6, 2026.

**7. Whether the case should be bifurcated.**

The Parties do not presently believe this case should be bifurcated.

**8. Pretrial statements and pretrial order under Local Civil Rules 16(e), (h), (i), and (k), and 16.1.**

The Parties request to defer their decision on whether to have pretrial statements and/or a pretrial order until after the completion of discovery.

**9. Whether the Parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.**

The Parties do not intend to utilize the Individualized Trial Program under Local Civil Rule 39.2. The Parties are open to utilizing other early settlement efforts listed in Section 5 above.

**10. Any other suggestions for shortening or simplifying the case.**

None at this time.

JOINT STATUS REPORT - 6
(Case No. 2:25-cv-00174-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**11. The date the case will be ready for trial.**

The Parties believe the case should be ready for trial by April 7, 2026.

**12. Whether the trial will be jury or non-jury.**

Plaintiff has requested a jury trial.

**13. The number of trial days required.**

The Parties anticipate the trial in this case will likely take between two to three days.

**14. The names, addresses, and telephone numbers of all trial counsel.**

**Plaintiff's Counsel:**

Jessica Thompson
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2ND AVENUE
STE 2000
SEATTLE, WA 98101
206-330-1779
Fax: 206-623-0594
Email: jessicat@hbsslaw.com

**Defendant's Counsel:**

Yara AlHowar
MORGAN LEWIS & BOCKIUS LLP
1301 SECOND AVE # 3000
SEATTLE, WA 98101
206-274-6400
Email: yara.alhowar@morganlewis.com

Stephanie L Sweitzer (*pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
110 N WACKER DR # 2800
CHICAGO, IL 60606
312-324-1741
Email: stephanie.sweitzer@morganlewis.com

Rudolph J Burshnic II (*pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
502 CARNEGIE CENTER
PRINCETON, NJ 08540
609-919-6686
Email: rudolph.burshnic@morganlewis.com

JOINT STATUS REPORT - 7
(Case No. 2:25-cv-00174-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**15. The dates on which the trial counsel may have complications to be considered in setting a trial date.**

    **Plaintiff's Statement:** None at this time.

    **Defendant's Statement:** In 2026, Defendant's trial counsel, Mr. Burshnic, is unavailable in parts of March/April 2026 due to a trial in another matter.

**16. Whether all defendants have been served.**

    There are no defendants who have not been served.

**17. Whether any party wishes a pretrial FRCP 16 conference with the judge prior to entry of any order pursuant to Rule 16 or setting of a schedule for this case.**

    The Parties do not request a scheduling conference prior to the entry of a scheduling order.

**18. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

    Defendant's Corporate Disclosure Statement was filed on March 24, 2025. *See* Dkt. # 13.

//

//

JOINT STATUS REPORT - 8
(Case No. 2:25-cv-00174-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Dated this 7th day of April, 2025.

| **HAGENS BERMAN SOBOL SHAPIRO LLP** | **MORGAN, LEWIS & BOCKIUS LLP** |
|---|---|
| By: *s/ Jessica Thompson*<br>Jessica Thompson<br>1301 2ND AVENUE<br>STE 2000<br>SEATTLE, WA 98101<br>206-330-1779<br>Fax: 206-623-0594<br>Email: jessicat@hbsslaw.com | By: *s/ Yara AlHowar*<br>Yara AlHowar, WSBA #58693<br>1301 Second Ave., Suite 3000<br>Seattle, WA 98101<br>Phone: 206-274-6400<br>Email: yara.alhowar@morganlewis.com<br><br>Stephanie L. Sweitzer (*pro hac vice*)<br>110 North Wacker Drive, Suite 2800<br>Chicago, IL 60606-1511<br>Phone: 312-324-1741<br>Email: stephanie.sweitzer@morganlewis.com<br><br>Rudolph J. Burshnic, II (*pro hac vice*)<br>502 Carnegie Center<br>Princeton, NJ 08540-6241<br>Phone: 609-919-6686<br>Email: rudolph.burshnic@morganlewis.com<br><br>*Attorneys for Defendant Amazon Web Services, Inc.* |

JOINT STATUS REPORT - 9
(Case No. 2:25-cv-00174-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401